W. T. WAGGONER ET AL. v. G. F. WYATT.

Decided April 28, 1906.

**1.—Assignment of Lease—Rights of Lessor.**

A contract in writing executed by a lessee of land stating that he "has contracted and sold" to a third party the leased land, is in effect an assignment of the lease, and, there being in the lease a covenant against subletting, was in violation of said covenant as well as the statute against subletting, and was therefore inoperative as against the lessor.

**2.—Same.**

The fact that one holding under an invalid assignment of a lease of land offered to lease or purchase said land from the owner at a price probably in excess of its real value, does not exempt such person from liability in damages for preventing the owner from using his land as his ownership entitled him to.

**3.—Reading Case in Hearing of Jury—Discretion of Judge.**

The reading to the court in the hearing of the jury of a case involving the same or similar facts as the case on trial is a matter in the discretion of the trial court, and will not be reversible error in the absence of a showing that such discretion was abused.

**4.—Issue—Sufficiency of Evidence—Duty to Submit.**

It is the duty of the court to submit an issue raised by the evidence, although the evidence would not warrant a verdict thereon in favor of the party at whose instance it is submitted.

**5.—Deprivation of Use of Land—Exemplary Damages.**

Where the evidence showed a persistent and predetermined effort on the part of a trespasser to prevent the owner from using his property in his own way, it will support a claim for exemplary damages.

**6.—Improper Assignments of Error.**

Assignments of error considered, and held not entitled to consideration because too general and because improperly grouped.

Appeal from the District Court of Baylor County. Tried below before Hon. J. M. Morgan.

*Hunter & Hunter* and *Glasgow & Kenan* and *Chas. E. Coombes*, for appellant.—The court erred in permitting counsel for the plaintiff, over objection of defendants, to read in evidence to the court in the presence of the jury, the opinion of Chief Justice Conner in the case of Waggoner v. Snody, 82 S. W. Rep., 357 and 358, because said opinion was not the law under the facts of this case, and was calculated to mislead and bias or prejudice the jury, that said opinion has since been reversed, annulled and repudiated by the Supreme Court as containing neither law nor facts and was not binding on this court.

The court erred in permitting the introduction of the testimony of G. F. Wyatt and W. T. Snoddy as to conversation had with Bill Taylor, wherein Bill Taylor told Wyatt (the plaintiff) that if W. T. Waggoner had not paid the taxes on his two sections of land leased by him to Witherspoon that he, Waggoner, had forfeited his right to them and that he, Wyatt, could take possession of them, for the reason that the declarations of Bill Taylor was neither binding upon Witherspoon nor upon Waggoner and Bedford, as both Taylor and Witherspoon had testified that Taylor had no authority to cancel said lease, or to forfeit it, or to give Wyatt the right to reenter and take possession of said premises; that said evidence was hearsay and incompetent and made while Waggoner was holding possession of the lands under a valid contract with Witherspoon and after Wyatt had ratified the contract made between Witherspoon and Waggoner, and that neither Waggoner nor Bedford were present or knew anything of said conversation and are not bound thereby.

*A. H. Britain, R. M. Ellerd* and *J. T. Montgomery,* for appellee.

STEPHENS, ASSOCIATE JUSTICE.—This appeal is from a verdict and judgment in favor of G. F. Wyatt against W. T. Waggoner and C. I. Bedford for both actual and exemplary damages, the amount of the actual damages recovered being $240.66 and of exemplary damages, $350. The ground or theory of recovery was the wrongful and oppressive conduct of Waggoner and Bedford in preventing Wyatt from using two sections of land owned by him situated in a large pasture belonging to Waggoner and under the control of Bedford as his ranch boss. This pasture originally belonged to P. S. Witherspoon, who held the various sections of land situated therein as lessee, including the two sections owned by Wyatt, the lease on which had not expired, by a little more than two years, when the following written contract was entered into between Witherspoon and Waggoner:

"State of Texas, County of Wichita.
"This contract and agreement made and entered into this 5th day of June, 1901, by and between P. S. Witherspoon, of the county of Cooke, and State of Texas, and W. T. Waggoner of Wise County, Texas, witnesseth: The said Witherspoon being the owner of about one thousand cows and sections 8 and 10, block C, C. T. R. R. survey, and sections 6, 44, 56 and 58, block B, G. H. & H., all located and situated in the northeast corner of Knox County, Texas, has contracted and sold to the said Waggoner the said land and cattle on the following terms, to wit: Said 1,000 cows are not to be over the age of 5 or 6 years, and in case there are not 1,000 head in said pasture, then the said Waggoner is to take so many as there is in said pasture. The said Witherspoon is to furnish the said Waggoner one bull for each 25 cows and is to receive the sum of $25 per head for both cows and bulls, and guarantees a crop of 500 calves from said cows this spring.
"The said Witherspoon is to patent said lands, and in case he can not patent said land, then he is to deliver to said Waggoner any and all contracts that he has or may have affecting said lands. For and in consideration of the above the said Waggoner agrees and binds himself to pay said Witherspoon the said sum of $25 per head for said cows and bulls, and the sum of $1,000 for said land and improvements.
"Delivery of the said property to be made on the 20th day of June, 1901, and said Waggoner is to pay for same on or before November 1, 1901, without interest. Over and above the aforesaid $1,000 to be paid said Witherspoon the said Waggoner is to pay any and all money and expenses that said Witherspoon may be out in patenting.
"In case said Witherspoon can not patent them then he is to deliver his contracts to said Waggoner without costs to said Waggoner.
"Witness our hands at Beaver, the day and date above mentioned.
(Signed)    W. T. Waggoner,
R. S. Witherspoon."

This contract was construed by the court as an assignment to Waggoner of the lease from Wyatt to Witherspoon of the two sections therein named owned by Wyatt (sections 8 and 10, block C, C. T. R. R. survey),

and therefore as amounting to a subletting of said sections to Waggoner. So construed, the written contract violated a covenant in the lease from Wyatt to Witherspoon, as well as the statute, against subletting. That Bedford, in obedience to the instructions of Waggoner, prevented Wyatt from using said sections for grazing purposes, as he undertook to do by pasturing the horses of one Snoddy at a given sum of money per month, and that Waggoner afterwards ratified his conduct in excluding said horses from said pasture and in denying Wyatt the right of pasturage therein, was treated by the court as an established fact. The issue submitted to the jury included only the assessment of actual damages and the determination of the issue of vindictive damages.

The construction placed by the trial court on the written contract above set out, we approve.

We are also of opinion that the facts warranted the court in instructing the jury that appellants were liable for actual damages; for, while Waggoner, through Bedford, offered to lease or purchase from Wyatt his two sections of land and that, too, at a price seemingly in excess of their value, it is nevertheless undeniably true that they denied him the right to make such use of them as his ownership clearly entitled him to. It is insisted, however, that there was evidence tending to prove that he acquiesced in the assignment of the lease under which Waggoner took possession, but after carefully examining the statement of facts, we fail to find any such evidence.

The above conclusions dispose of most of the assignments of error, especially those complaining of the charge submitting the issue of actual damages and of the court's refusal to give numerous special charges, which need not be further discussed.

The first assignment presented in the brief complains of a ruling on demurrer which is not found in the transcript.

The next assignment complains of a matter entirely in the discretion of the trial court, which discretion does not seem to have been abused and no injury could well have resulted from the action complained of, especially in view of the conclusions above stated.

The next assignment complains of the introduction of testimony which seeks to raise a question disposed of in the case of Waggoner v. Snoddy, 82 S. W. Rep., 357, 85 S. W. Rep., 1134, but if not, it is disposed of as harmless by the conclusions above stated.

The next assignment asserts that the court erred in submitting the issue of exemplary damages for want of evidence to warrant its submission. The only proposition submitted under this assignment is the following: "Unless the evidence is sufficient to sustain a verdict for exemplary damages according to the allegations upon which such claim is based, the court should not submit such issue to the jury." This proposition we understand to be at variance with that line of decisions in this State holding it to be not only the right but the duty of the court to submit an issue raised by the evidence, although the evidence would not warrant a verdict thereon in favor of the party at whose instance it is submitted. Besides, we are not prepared to say that there was no evidence tending to support the claim for exemplary damages as alleged in the petition. There was evidence of a persistent and predetermined effort on the part of appellants to prevent appellee from enjoying the

use and benefit of his property in his own way, although they conceded his right to the property and sought to have him to so use or dispose of it as to suit their wishes and purposes.

The next assignments assert "the court erred in overruling defendant's motion for a new trial, for the reason there was not sufficient evidence to support a verdict of $350 vindictive damages, or for any other sum as vindictive damages, and especially is this verdict of vindictive damages unwarranted by the evidence as against the defendant Waggoner." No proposition or statement is subjoined to the assignment, but we are referred to the proposition and statement submitted under the next preceding assignment just disposed of. Turning to the motion for a new trial we find that insofar as it sought to have the court review the evidence on this issue it was even more general, if possible, than the assignment just quoted. We would not, therefore, be warranted in sustaining this assignment.

As to the next two assignments, it seems to be conceded in the brief that owing to a deficiency in the bill of exceptions they are of little or no value.

The two remaining assignments are submitted together, but the issues raised by them are not such as should be grouped, and what is worse still, there is no merit in either of them. One asserts that the court erred in overruling the motion for a new trial because there was no evidence of a "sub-letting of the lands in controversy, nor of a transfer to Waggoner of the lease made by plaintiff to Witherspoon." The other asserts that the court erred in overruling the motion for a new trial "for the reason that the verdict is contrary to the evidence, against the charge of the court wherein he instructed the jury that, if they found exemplary damages against the defendants, to find against each separately, according to their culpability, and the verdict does not by its terms find separately against each defendant, but assesses the same jointly against said defendants." The judgment is therefore affirmed.

*Affirmed.*

Writ of error refused.