**CITY OF SUNDOWN, Appellant,**

v.

**Randy SHEWMAKE, Appellee.**

**No. 07–83–0234–CV.**

Court of Appeals of Texas, Amarillo.

April 30, 1985.

**58**

LaVern I. McCann, Boedeker and McCann, Levelland, Mick McKamie, Greenville, for appellant.

James D. Weems, Levelland, for appellee.

Before REYNOLDS, C.J., and DODSON and COUNTISS, JJ.

COUNTISS, Justice.

The City of Sundown, appellant, unsuccessfully petitioned the trial court for a permanent injunction barring Randy Shewmake, appellee, from keeping livestock in the City. In this Court, the City contends, by one point of error, that the trial court erred in denying the injunction. We affirm.

Shewmake built a pen on his residential lot and moved a horse into the pen on September 18, 1982, against the wishes of his neighbors, who complained to City officials. The City passed Ordinance No. 253B, on January 18, 1983, by which the City declared unlawful, and a nuisance, the keeping of livestock within the city limits unless a permit had been issued by the City. After proper publication the ordinance became effective on February 6, 1983. As a condition of obtaining the permit, an applicant was required to obtain a waiver from everyone who lived within 150 feet of the livestock pen. The ordinance specifically exempted those who were keeping livestock on their property on September 1, 1982.

After the ordinance was passed, Shewmake applied for the permit. The City

denied his request, however, because he did not have waivers from three of his neighbors. The City Administrator then advised Shewmake to remove his horse from the City. When Shewmake did not do so the City filed this suit, alleging that Shewmake was violating Ordinance No. 253B, and creating a nuisance, and asking for a permanent injunction to abate the nuisance.

After a bench trial, at which some neighbors said the horse attracted flies and caused odor and dust and other neighbors said it did not, the court denied the injunction. In its conclusions of law, the trial court held that the City had authority to regulate livestock within the city limits, but concluded that the keeping of one horse was not a nuisance per se and that the evidence was insufficient to prove that it was a nuisance in fact.

In this Court, the City, under its point of error, argues that the trial court was required to issue the injunction after it found that the City had authority to regulate livestock within the city limits. The result is mandatory, the City says, because the City had declared the keeping of livestock to be a nuisance and there was evidence to support their declaration; additionally, there was evidence that this particular horse was a nuisance. Under the record before us, we cannot agree with the City's conclusions.

We will assume, without deciding, that the City has the authority to regulate livestock within the city limits, as it did in this ordinance. *See* Tex.Rev.Civ.Stat.Ann. art. 1015(11) (Vernon 1963); but *cf. Otten v. Town of China Grove*, 660 S.W.2d 565, 567 (Tex.App.—San Antonio 1983, writ dism'd). A regulatory ordinance may not, however, make illegal that which was legal when initiated, except under very limited conditions. "Such regulations must relate to the future rather than to the existing buildings and uses of land ... at least where such buildings and uses are not nuisances and their removal is not justified as promoting the public health, morals, safety, or welfare." *City of Corpus Christi v. Allen*, 152 Tex. 137, 254 S.W.2d 759, 761

(1953). If, under guise of eliminating a nuisance, a municipality attempts to halt an otherwise legal activity, it must demonstrate the existence of either a nuisance per se or a nuisance in fact. *City of Dallas v. Halbert*, 246 S.W.2d 686, 691 (Tex. Civ.App.—Dallas 1952, writ ref'd n.r.e.). The former is an act, occupation or structure that is a nuisance at all times, under any circumstances, and in any location. *Stoughton v. City of Fort Worth*, 277 S.W.2d 150, 153 (Tex.Civ.App.—Fort Worth 1955, no writ). The latter is situational, dependent on the facts of the case. In either event, the issue must ultimately be resolved by judicial fiat, because a municipality cannot, by declaration, "make that a nuisance which is not in fact a nuisance; ...." *City of Texarkana v. Reagan*, 112 Tex. 317, 247 S.W. 816, 817 (1923).

In this case, the City attempted to eliminate a pre-existing use by exempting only those animals stabled in Sundown 18 days before Shewmake penned his horse. It did not, however, establish to the satisfaction of the trial court the existence of a nuisance, either per se or in fact; thus, it was not entitled to an injunction. The trial court's failure to find the necessary facts has not been attacked by a point of error, *Adams v. American Quarterhorse Ass'n.*, 583 S.W.2d 828 (Tex.Civ.App.—Amarillo 1979, writ ref'd n.r.e.), but, had it been, our conclusion would not change. There was evidence from which the trial court could have found that the horse was a nuisance in fact, but there was also evidence that justified its failure to make that finding. We cannot disturb its action. Point of error one is overruled.

The judgment is affirmed.