**Ron SUPRISE and Maria Estela Suprise, Appellants,**

v.

**Jim DEKOCK, Jr. and Pat Edwards, Appellees.**

**No. 13–00–640–CV.**

Court of Appeals of Texas, Corpus Christi.

Aug. 22, 2002.

Walter J. Passmore, Passmore, Walker & Twenhafel, Thomas O. Matlock, Jr., McAllen, for Appellants.

Sheryl Gray Rasmus, The Rasmus Firm, Austin, for Appellees.

Before Justices DORSEY, YAÑEZ, and CHAVEZ.[1]

## OPINION

Opinion by Justice DORSEY.

This summary judgment case involves a suit by Ron and Maria Suprise for dam- ages resulting from an alleged tortious interference with the use and enjoyment of their land by appellees, Jim DeKock, Jr., and Pat Edwards. Appellees obtained a summary judgment denying recovery be- cause tortious interference with the use and enjoyment of land is not a recognized cause of action in Texas. The issue is whether a cause of action exists in Texas for tortious interference with the use and enjoyment of land. We reverse and re- mand.

## I. ALLEGATIONS AND PROCEDURAL HISTORY

The Suprises bought a tract of land for hunting, investment, and for their children. They sued appellees, adjoining land own- ers, alleging[2] that they tortiously inter- fered with their peaceful use, enjoyment, and benefit of their property by: (1) inter- fering with the placement of deer blinds; (2) intentionally scaring the game; (3) making personal threats to persons hunt- ing on the property; and (4) using racial epithets. They alleged appellees' conduct was racially motivated, because they made statements that they did not want any "Mexicans" hunting on the property. Ap- pellees threatened Mr. Suprise by telling him they were going to "game fence him out," which would render the land worth- less for hunting, and by telling him they were going to ruin his name and make him "eat" his investment. This conduct caused the Suprises to sell their land to escape the harassment and to avoid losing their investment. Appellees interfered with the Suprises's efforts to sell the property, by

1. Retired Justice Melchor Chavez assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to TEX. GOV'T CODE ANN. § 74.003 (Vernon 1998).

2. These allegations are taken from the Supris- es's First Amended Original Petition. In ad- dition to alleging a cause of action for tortious interference with their property rights, they also alleged, in the alternative, causes of ac- tion for nuisance and negligence. However the Suprises nonsuited the nuisance and neg- ligence claims.

posting signs and calling prospective buyers. Appellees's conduct, therefore, was the proximate cause of damages to the Suprises, because they had intended to keep the property for a long-term investment and for the use and benefit of their children, but were "forced" to sell the property at less than fair-market value.

Appellees filed separate motions for summary judgment, claiming that they were entitled to judgment as a matter of law because tortious interference with the use and enjoyment of one's land is not a recognized cause of action in Texas. The Suprises responded that the trial court should deny the motions because appellees were incorrect in their assertion that Texas does not recognize this cause of action.

The trial court granted appellees's motions for summary judgment by order dated June 27, 2000. The Suprises appeal from that order.

## II. STANDARD OF REVIEW

The standards for reviewing a summary judgment motion are well established: (1) the movant has the burden of showing that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law; (2) in deciding whether a disputed material fact issue exists precluding summary judgment, we take as true evidence favorable to the nonmovant; and (3) indulge every reasonable inference in the nonmovant's favor and resolve any doubts in its favor. *Nixon v. Mr. Property Mgmt. Co.*, 690 S.W.2d 546, 548–49 (Tex. 1985). We must liberally construe the pleadings in favor of the party against whom summary judgment is sought. *Snow v. Milner*, 364 S.W.2d 726, 727 (Tex. Civ.App.-Houston 1962, ref'd n.r.e.).

A trial court should grant a defendant's motion for summary judgment if it disproves at least one essential element of each of the plaintiff's causes of action. *American Tobacco Co. v. Grinnell*, 951 S.W.2d 420, 425 (Tex.1997); *Rosas v. Buddies Food Store*, 518 S.W.2d 534, 537 (Tex. 1975). A court may also grant summary judgment if an amended pleading fails to state a cause of action. *Friesenhahn v. Ryan*, 960 S.W.2d 656, 658 (Tex.1998); *Texas Dep't of Corrections v. Herring*, 513 S.W.2d 6, 10 (Tex.1974).

## III. ANALYSIS

### A. *The Tort Of Interference*

The first issue is whether the trial court erred in granting summary judgment on the basis that tortious interference with property rights is not a viable cause of action in Texas. Appellees's contention is that this is a private-nuisance case.[3] We disagree.

■ Texas law is well settled that "[a]ny intentional invasion of, or interference with, property, property rights, personal rights or personal liberties causing injury without just cause or excuse is an actionable tort." *King v. Acker*, 725 S.W.2d 750, 754 (Tex.App.-Houston [1st Dist.] 1987, no writ) (citing *Cooper v. Steen*, 318 S.W.2d 750, 757 (Tex.Civ.App.-Dallas 1958, no writ)); *see also Cole v. Hall*, 864 S.W.2d 563, 571 (Tex.App.-Dallas 1993, writ dism'd w.o.j.); *International Union United Auto. Aerospace & Agric. Implement Workers v. Johnson Controls, Inc.*, 813 S.W.2d 558, 567 (Tex.App.-Dallas 1991, writ denied).

Under the general rule stated in *King* the Suprises claim there are at least two

---

**3.** A private nuisance is a condition that substantially interferes with the use and enjoyment of land by causing unreasonable discomfort or annoyance to persons of ordinary sensibilities attempting to use and enjoy it. *See Wickham II v. San Jacinto River Auth.*, 979 S.W.2d 876, 880 (Tex.App.-Beaumont 1998, no pet.).

causes of action for which they may seek relief: (1) tortious interference with the right to dispose of property; and (2) tortious interference with the peaceful use and enjoyment of property rights. We will discuss each cause of action separately.

### 1. *Right To Dispose Of Property*

■ The Suprises's claim for tortious interference with the right to dispose of their property is, in essence, a claim for tortious interference with a prospective contract or prospective business relation. Texas law protects prospective contracts from interference. *Wal–Mart Stores, Inc. v. Sturges*, 52 S.W.3d 711, 713 (Tex.2001); *Cooper*, 318 S.W.2d at 757. And, our courts have recognized a cause of action for tortious interference with prospective business relations. *Burgess*, 52 S.W.2d at 723 (citing *Juliette Fowler Homes, Inc. v. Welch Assocs., Inc.*, 793 S.W.2d 660, 665 (Tex.1990); *Sterner v. Marathon Oil Co.*, 767 S.W.2d 686, 689 (Tex.1989)); *Cooper*, 318 S.W.2d at 757.

In *Cooper v. Steen*, 318 S.W.2d 750 (Tex. Civ.App.-Dallas 1958, no writ), Steen sold real property to Walker, who, in turn, sold it to Cooper. Afterwards Walker assigned the note to Steen. Cooper could not afford to pay Steen for the property and tried to sell it. She was unsuccessful, however, due to Steen's alleged interference. Cooper sued Steen and Walker, alleging that they had "constantly intimidated, harassed, and obstructed her efforts to sell her property and said sales have been lost, prevented and interfered with by said defendant Helen M. Steen talking with prospective buyers and discouraging them from buying;...." Cooper's evidence showed that a prospective buyer, Mrs. Rector, called Steen, who discouraged any transaction with Cooper stating that Cooper was "crazy." Rector refused to buy the property for that reason. The trial court granted the defendants' motion for instructed verdict. The *Cooper* court stated that the testimony reflected:

> the elements of a wrongful interference by Mrs. Steen concerning the sale by plaintiff [Cooper] of her own property.... Certain statements of Mrs. Rector may be seen as inconsistent or conflicting; yet this witness testified in effect that she would have then given $11,000 for the property but was dissuaded by the derogatory attitude and representations of Mrs. Steen....
>
> Obviously a financial loss has resulted to plaintiff in a failure to dispose of her property at $11,000; and appellees may argue damage without injury has resulted to Mrs. Cooper in that there was no contract with the prospective buyer (Mrs. Rector) to be interfered with. 'It must appear, in order that the conduct may be tortious, that damage has been occasioned thereby; but it need not be absolutely certain that the prospective contract would have been made were it not for such interference; A reasonable assurance thereof, in view of all the circumstances, is sufficient'.

*Id.* at 757 (footnote and citations omitted). The court concluded that a *prima facie* case was made for tortious interference by Steen in Cooper's lawful right to dispose of her own property. *Id.*

■ Here, construing the pleadings liberally, the Suprises have alleged that appellees interfered with their efforts to sell the property, "by posting signs and calling prospective buyers." The Suprises did not allege what the signs stated or what appellees told the prospective buyers; however, we can discern from the context of the allegations that appellees's conduct was detrimental to their efforts to sell the property, because they had intended to keep the property for long-term invest-

ment and for the use and benefit of their children, but were forced to quickly sell the property at less than fair-market value. The law does not require absolute certainty that a prospective contract would have been made were it not for the interference; it must reasonably appear so, in view of all of the circumstances. *Exxon Corp. v. Allsup*, 808 S.W.2d 648, 659 (Tex. App.-Corpus Christi 1991, writ denied); *Cooper*, 318 S.W.2d at 757.

It is clear to us that the Suprises's amended petition refer to interference by appellees with prospective contractual and business relationships between the Suprises and those persons who desired to buy their property. *See Cooper*, 318 S.W.2d at 757. The Suprises did not have to specifically use the terms "prospective contract" or "business relationship" in their pleadings so long as the wording of the petition made apparent the gist of the complaint. *Champion v. Wright*, 740 S.W.2d 848, 853 (Tex.App.-San Antonio 1987, writ denied). *See Cooper*, 318 S.W.2d at 757. We hold that the Suprises alleged a *prima facie* cause of action for tortious interference with prospective contract or business relationship. *See Cooper*, 318 S.W.2d at 757.

### 2. Interference With Property Rights

■ The Suprises's cause of action for tortious interference with enjoyment and use of property is, in essence, a claim for intentional invasion of, or interference with, property rights. In *Waggoner v. Wyatt*, 43 Tex.Civ.App. 75, 94 S.W. 1076 (1906, writ ref'd), Wyatt sued Waggoner for "the wrongful and oppressive conduct of Waggoner and Bedford in preventing Wyatt from using two sections of land owned by him situated in a large pasture belonging to Waggoner and under the control of Bedford as his ranch boss." *Id.* at 1076. The facts showed that Waggoner and Bedford kept Wyatt from using the land for grazing purposes. The *Waggoner* court stated that the facts warranted the trial court in instructing the jury that:

appellants [Waggoner and Bedford] were liable for actual damages, for, while Waggoner through Bedford offered to lease or purchase from Wyatt his two sections of land, and that, too, at a price seemingly in excess of their value, it is nevertheless undeniably true that they denied him the right to make such use of them as his ownership clearly entitled him to ....

*Id.* at 1077–78. The court said that "There was evidence of a persistent and predetermined effort on the part of appellants to prevent Wyatt from enjoying the use and benefit of his property in his own way, although they conceded his right to the property ...." *Id.*

Here appellees denied the Suprises the right to use their land for hunting and investment purposes by: (1) interfering with the Suprises's placement of deer blinds; (2) intentionally scaring the game; (3) making personal threats to persons hunting on the property; (4) using racial epithets; and (5) threatening Mr. Suprise by telling him they were going to "game fence him out," which would render the land worthless for hunting, and by telling him they were going to ruin his name and "eat" his investment. Appellees' conduct compelled the Suprises to sell the property in order to escape the harassment and to avoid losing their investment in the property.

We hold that the Suprises's petition sufficiently alleged a *prima facie* cause of action for intentionally invasion or interference with their property rights. *See King*, 725 S.W.2d at 754 ("[a]ny intentional invasion of, or interference with, property, property rights ... causing injury without just cause or excuse is an actionable tort."); *Waggoner*, 94 S.W. at 1076–78.

We hold that the trial court erred in granting appellees's motions for summary judgment. We express no opinion about whether the Suprises can prove their causes of action; we only conclude that they have sufficiently alleged causes of action under Texas law. We sustain issue one.

### B. *Special Exceptions*

The second issue is whether the trial court erred in granting summary judgment before ruling on the special exception and without allowing the Suprises an opportunity to amend their pleadings. Due to our disposition of issue one we need not address this issue. TEX.R.APP. P. 47.1.

We REVERSE the judgment and REMAND the case for trial.