NUMBER 13-00-640-CV

 

                             COURT OF APPEALS

 

                   THIRTEENTH DISTRICT OF TEXAS

 

                                CORPUS CHRISTI

 



 

RON SUPRISE AND 

MARIA ESTELA SUPRISE,                                                    Appellants,

 

                                                   v.

 

JIM DEKOCK, JR. AND 

PAT EDWARDS,                                                                   Appellees.

 



 

                        On appeal from the 332nd District Court

                                  of Hidalgo County, Texas.

 



 

                                   O P I N I O N

 

                     Before Justices Dorsey, Yañez, and
Chavez[1]

                                  Opinion
by Justice Dorsey








This summary judgment case involves a suit
by Ron and Maria Suprise for damages resulting from an alleged tortious  interference with the use and enjoyment of
their land by appellees, Jim DeKock, Jr., and Pat Edwards.  Appellees obtained a summary judgment denying
recovery because tortious interference with the use and enjoyment of land is
not a recognized cause of action in Texas. 
The issue is whether a cause of action exists in Texas for tortious
interference with the use and enjoyment of land.  We reverse and remand. 

                                            I. Allegations and Procedural History








The Suprises bought a tract of land for
hunting, investment, and for their children. 
They sued appellees, adjoining land owners, alleging[2]
that they tortiously interfered with their peaceful use, enjoyment, and benefit
of their property by:  (1) interfering
with the placement of deer blinds; (2) intentionally scaring the game; (3)
making personal threats to persons hunting on the property; and (4) using
racial epithets.  They alleged appellees= conduct
was racially motivated, because they made statements that they did not want any
AMexicans@ hunting
on the property.  Appellees threatened
Mr. Suprise by telling him they were going to Agame
fence him out,@ which would render the land worthless for
hunting, and by telling him they were going to ruin his name and make him Aeat@ his
investment.  This conduct caused the
Suprises to sell their land to escape the harassment and to avoid losing their
investment.  Appellees interfered with
the Suprises=s
efforts to sell the property, by posting signs and calling prospective
buyers.  Appellees=s
conduct, therefore, was the proximate cause of damages to the Suprises, because
they had intended to keep the property for a long-term investment and for the
use and benefit of their children, but were Aforced@ to sell
the property at less than fair-market value.

Appellees filed separate motions for
summary judgment, claiming that they were entitled to judgment as a matter of
law because tortious interference with the use and enjoyment of one=s land
is not a recognized cause of action in Texas. 
The Suprises responded that the trial court should deny the motions
because appellees were incorrect in their assertion that Texas does not
recognize this cause of action.

The trial court granted appellees=s
motions for summary judgment by order dated June 27, 2000.  The Suprises appeal from that order.

                                                          II. Standard of Review

The standards for reviewing a summary
judgment motion are well established: 
(1) the movant has the burden of showing that no genuine issue of
material fact exists and that it is entitled to judgment as a matter of law;
(2) in deciding whether a disputed material fact issue exists precluding
summary judgment, we take as true evidence favorable to the nonmovant; and (3)
indulge every reasonable inference in the nonmovant=s favor
and resolve any doubts in its favor.  Nixon
v. Mr. Property Mgmt. Co., 690 S.W.2d 546, 548‑49
(Tex. 1985).  We must liberally
construe the pleadings in favor of the party against whom summary judgment is
sought.  Snow v.
Milner, 364 S.W.2d 726, 727 (Tex. Civ. App.BHouston 1962, ref=d
n.r.e.).








A trial court should grant a defendant's
motion for summary judgment if it disproves at least one essential element of
each of the plaintiff's causes of action. 
American Tobacco Co. v. Grinnell, 951 S.W.2d 420, 425 (Tex. 1997); Rosas v.
Buddies Food Store, 518 S.W.2d 534, 537 (Tex.
1975).  A court may
also grant summary judgment if an amended pleading fails to state a cause of
action.  Friesenhahn
v. Ryan, 960 S.W.2d 656, 658 (Tex. 1998); Texas Dep=t of Corrections v. Herring, 513
S.W.2d 6, 10 (Tex. 1974).

                                                                    II. Analysis 

                                                           A.
The Tort Of Interference

The first issue is whether the trial court
erred in granting summary judgment on the basis that tortious interference with
property rights is not a viable cause of action in Texas.  Appellees=s
contention is that this is a private-nuisance case.[3]  We disagree.








Texas law is well settled that "[a]ny
intentional invasion of, or interference with, property, property rights,
personal rights or personal liberties causing injury without just cause or
excuse is an actionable tort."  King
v. Acker, 725 S.W.2d 750, 754 (Tex. App.BHouston
[1st Dist.] 1987, no writ) (citing Cooper v. Steen, 318 S.W.2d 750, 757
(Tex. Civ. App.BDallas 1958, no writ)); see also Cole
v. Hall, 864 S.W.2d 563, 571 (Tex. App.BDallas
1993, writ dism=d w.o.j.); International Union United
Auto. Aerospace & Agric. Implement Workers v. Johnson
Controls, Inc., 813 S.W.2d 558, 567 (Tex. App.BDallas 1991, writ denied).

Under the general rule stated in King
the Suprises claim there are at least two causes of action for which they may
seek relief:  (1) tortious interference
with the right to dispose of property; and (2) tortious interference with the
peaceful use and enjoyment of property rights. 
We will discuss each cause of action separately.

                                                       1.
Right To Dispose Of Property 

The Suprises=s claim
for tortious interference with the right to dispose of their property is, in
essence, a claim for tortious interference with a prospective contract or
prospective business relation.  Texas law
protects prospective contracts from interference.  Wal-Mart Stores, Inc. v.
Sturges, 52 S.W.3d 711, 713 (Tex. 2000); Cooper, 318 S.W.2d at 757.  And, our courts have recognized a cause of
action for tortious interference with prospective business relations.  Sturges, 52 S.W.2d at 723 (citing Juliette
Fowler Homes, Inc. v. Welch Assocs., Inc., 793 S.W.2d 660, 665 (Tex. 1990);
Sterner v. Marathon Oil Co., 767 S.W.2d 686, 689 (Tex. 1989)); Cooper,
318 S.W.2d at 757.








In Cooper v. Steen, 318 S.W.2d 750
(Tex. Civ. App.BDallas 1958, no writ), Steen sold real
property to Walker, who, in turn, sold it to Cooper.  Afterwards Walker assigned the note to
Steen.  Cooper could not afford to pay
Steen for the property and tried to sell it. 
She was unsuccessful, however, due to Steen=s alleged
interference.  Cooper sued Steen and
Walker, alleging that they had Aconstantly intimidated, harassed, and
obstructed her efforts to sell her property and said sales have been lost,
prevented and interfered with by said defendant Helen M. Steen talking with
prospective buyers and discouraging them from buying; . . . .@  Cooper=s evidence showed that a prospective
buyer, Mrs. Rector, called Steen, who discouraged any transaction with Cooper
stating that Cooper was Acrazy.@  Rector refused to buy the property for that
reason.  The trial court granted the
defendants= motion
for instructed verdict.  The Cooper
court stated that the testimony reflected:

            the elements of a wrongful
interference by Mrs. Steen concerning the sale by plaintiff [Cooper] of her own
property. . . .  Certain statements of
Mrs. Rector may be seen as inconsistent or conflicting; yet this witness
testified in effect that she would have then given $11,000 for the property but
was dissuaded by the derogatory attitude and representations of Mrs. Steen. . .
.

 

Obviously a financial loss has resulted to
plaintiff in a failure to dispose of her property at $11,000; and appellees may
argue damage without injury has resulted to Mrs. Cooper in that there was no
contract with the prospective buyer (Mrs. Rector) to be interfered with.  'It must appear, in order that the conduct
may be tortious, that damage has been occasioned thereby; but it need not be
absolutely certain that the prospective contract would have been made were it
not for such interference; A reasonable assurance thereof, in view of all the
circumstances, is sufficient'.

 

Id. at 757 (footnote and
citations omitted). 
The court concluded that a prima facie case was made for tortious
interference by Steen in Cooper's lawful right to dispose of her own
property.  Id.








Here, construing the pleadings liberally,
the Suprises have alleged that appellees interfered with their efforts to sell
the property, Aby posting signs and calling prospective
buyers.@  The Suprises did not allege what the signs
stated or what appellees told the prospective buyers; however, we can discern
from the context of the allegations that appellees=s
conduct was detrimental to their efforts to sell the property, because they had
intended to keep the property for long-term investment and for the use and
benefit of their children, but were forced to quickly sell the property at less
than fair-market value.  The law does not
require absolute certainty that a prospective contract would have been made
were it not for the interference; it must reasonably appear so, in view of all
of the circumstances.  Exxon
Corp. v. Allsup, 808 S.W.2d 648, 659 (Tex. App.BCorpus
Christi 1991, writ denied); Cooper, 318 S.W.2d at 757.

It is clear to us that the Suprises=s
amended petition refer to interference by appellees with prospective
contractual and business relationships between the Suprises and those persons
who desired to buy their property.  See
Cooper, 318 S.W.2d at 757.  The Suprises did not have to specifically use
the terms Aprospective
contract@ or
"business relationship" in their pleadings so long as the wording of
the petition made apparent the gist of the complaint.  Champion v Wright,
740 S.W.2d 848, 853 (Tex. App.BSan
Antonio 1987, writ denied).  See
Cooper, 318 S.W.3d at 757.  We hold that the Suprises alleged a prima
facie cause of action for tortious interference with prospective contract
or business relationship.  See Cooper,
318 S.W.2d at 757.

                                                   2.
Interference With Property Rights








The Suprises=s cause
of action for tortious interference with enjoyment and use of property is, in
essence, a claim for intentional invasion of, or interference with, property
rights.  In Waggoner v. Wyatt, 94
S.W. 1076 (Tex. Civ. App. 1906, writ ref=d), Wyatt sued Waggoner for Athe
wrongful and oppressive conduct of Waggoner and Bedford in preventing Wyatt
from using two sections of land owned by him situated in a large pasture
belonging to Waggoner and under the control of Bedford as his ranch boss.@  Id. at 1076.  The facts showed that Waggoner and Bedford
kept Wyatt from using the land for grazing purposes.  The Waggoner court stated that the
facts warranted the trial court in instructing the jury that:

appellants
[Waggoner and Bedford] were liable for actual damages, for, while Waggoner
through Bedford offered to lease or purchase from Wyatt his two sections of
land, and that, too, at a price seemingly in excess of their value, it is
nevertheless undeniably true that they denied him the right to make such use of
them as his ownership clearly entitled him to. . . .

 

Id. at 1077-78.  The court said that AThere
was evidence of a persistent and predetermined effort on the part of appellants
to prevent Wyatt from enjoying the use and benefit of his property in his own
way, although they conceded his right to the property. . . .@  Id.

Here appellees denied the Suprises the
right to use their land for hunting and investment purposes by:  (1) interfering with the Suprises=s
placement of deer blinds; (2) intentionally scaring the game; (3) making
personal threats to persons hunting on the property; (4) using racial epithets;
and (5) threatening Mr. Suprise by telling him they were going to Agame
fence him out,@ which would render the land worthless for
hunting, and by telling him they were going to ruin his name and Aeat@ his
investment.  Appellees= conduct
compelled the Suprises to sell the property in order to escape the harassment
and to avoid losing their investment in the property.








We hold that the Suprises=s
petition sufficiently alleged a prima facie cause of action for
intentionally invasion or interference with their property rights.  See King, 725 S.W.2d at 754
([a]ny intentional invasion of, or interference with, property, property rights
. . . causing injury without just cause or excuse is an actionable
tort."); Waggoner, 94 S.W. at 1076-78.  We hold that the trial court erred in
granting appellees=s motions for summary judgment.  We express no opinion about whether the Suprises
can prove their causes of action; we only conclude that they have sufficiently
alleged causes of action under Texas law. 
We sustain issue one.

                                                              B.
Special Exceptions

The second issue is whether the trial
court erred in granting summary judgment before ruling on the special exception
and without allowing the Suprises an opportunity to amend their pleadings.  Due to our disposition of issue one we need not address this issue.  Tex.
R. App. P. 47.1.

We REVERSE the judgment and REMAND the
case for trial.

 

______________________________

J.
BONNER DORSEY,

Justice

 

Publish.

Tex.
R. App. P. 47.3(b).

 

Opinion delivered and
filed

this
22nd day of August, 2002.                              

 

 

 











[1]Retired
Justice Melchor Chavez assigned to this Court by the Chief Justice of the
Supreme Court of Texas pursuant to Tex. Gov=t Code Ann. ' 74.003 (Vernon 1998).





[2]These
allegations are taken from the Suprises=s
First Amended Original Petition.  In
addition to alleging a cause of action for tortious interference with their
property rights, they also alleged, in the alternative, causes of action for
nuisance and negligence.  However the
Suprises nonsuited the nuisance and negligence claims.





[3]A
private nuisance is a condition that substantially interferes with the use and
enjoyment of land by causing unreasonable discomfort or annoyance to persons of
ordinary sensibilities attempting to use and enjoy it.  See Wickham II v. San Jacinto River Auth.,
979 S.W.2d 876, 880 (Tex. App.BBeaumont
1998, no pet.).