**FRANKLIN SIGNAL CORPORATION,**
**Appellant,**

v.

**CHAS. P. DAVIS HARDWARE,**
**INC., Appellee.**

**No. 6271.**

Court of Appeals of Texas,
Waco.

Oct. 29, 1981.

Randall B. Wood, Ray, Wood & Henderson, Paul W. Jones, Jr., Austin, for appellant.

John H. Akin, Pearce, Smith & Akin, Austin, for appellee.

## OPINION

McDONALD, Chief Justice.

This is an appeal by appellant [Intervenor Judgment Debtor] from judgment awarding appellee [plaintiff] judgment for $21,582.00 (plus interest and attorney's fees) in a garnishment suit in which Defensive Security Systems, Inc. was the garnishee.

Appellee Davis Hardware filed suit in garnishment against Defensive Security alleging appellee holds judgment against appellant Franklin for $21,582.00; that such judgment is final and unsatisfied; that appellee believes Defensive Security has in its possession moneys belonging to Franklin. Defensive Security answered that it had $28,292.00 in its possession belonging to Franklin. Franklin intervened alleging appellee's judgment against it upon which this cause is predicated, "is void as it was secured without proper and jurisdictional service, and that it has a meritorious defense to the cause of action heretofore asserted against it by [appellee]".

Appellee filed plea in bar to appellant's intervention asserting its judgment against appellant is final, is not void, and that appellant's intervention constitutes a collateral attack on such prior judgment.

The trial court sustained appellee's plea in bar; dismissed appellant's intervention and rendered judgment against Defensive Security for the $21,582.00 plus interest and attorney's fees; allowed Defensive Security recovery for attorney's fee; and discharged the garnishee. The garnishee has not appealed.

Appellant [Intervenor] Franklin appeals on 2 points asserting the trial court erred:

1) In sustaining appellee's plea in bar because recitals of due process are not to be accorded absolute verity in a collateral attack had on a non resident defendant.

2) In failing to allow an inquiry into the record facts to show that the "Long Arm Statute" was not strictly complied with in obtaining service on defendant.

Appellee sued Advance Security Systems, Inc., and appellant Franklin on December 15, 1978. Advanced Security was served and timely answered. Appellant, a Wisconsin Corporation failed to answer. Appellee served the Secretary of State on December 15, 1978. Appellee recovered default judgment against appellant on January 12, 1979.

Appellee's judgment against appellant recites that "defendant Franklin Signal Corporation was duly and properly served with citation herein * * * ". Notice of such default judgment was mailed to appellant by the district clerk on January 24, 1979; appellant did not file any motion for new trial, nor appeal.

The prior judgment was rendered by a court which had jurisdiction to render same, and the judgment is valid upon its face, and thus is not void, but voidable only. The attack here is conceded by appellant to be a collateral attack. The matters appellant complains of as to the verity of recitals of service of citation in the judgment can only be challenged by a direct attack on the judgment, and not by collateral attack as here. *Empire Gas & Fuel Co. v. Albright*, 126 Tex. 485, 87 S.W.2d 1092, see also: *Whitney v. L & L Realty Corp., Parnass v. L & L Realty Corp.*, Tex., 500 S.W.2d 94.

And *McEwen v. Harrison*, 162 Tex. 125, 345 S.W.2d 706 holds, * * * [when] relief cannot be obtained by appeal, a proceeding in the nature of a bill of review is the exclusive method of vacating a default judgment in a case in which the court had jurisdictional power to render it.

Appellant's points are overruled.

AFFIRMED.