**G. Byron JAMISON and Theresa M. Jamison, Appellants,**

v.

**NATIONAL LOAN INVESTORS, L.P., Appellee.**

**No. 01–99–00120–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

Oct. 28, 1999.

Brantly Harris, Houston, for appellant.

James L. Hordern, Jr., Houston, for appellee.

Panel consists of Justices O'CONNOR, WILSON, and ANDELL.

## OPINION

MICHOL O'CONNOR, Justice.

G. Byron Jamison and Theresa M. Jamison (the Jamisons), the plaintiffs below and appellants here, appeal from a take-nothing summary judgment rendered in favor of National Loan Investors, L.P. (NLI), the defendant below and appellee here. We affirm.

## Background

NLI originally sued G. Byron Jamison, the law firm of Jamison & Harris, and Brantley Harris on a note and several guaranties (the Judgment Suit). The Judgment Suit was stayed for arbitration, which was favorably decided in NLI's favor. G. Byron Jamison filed bankruptcy, and NLI nonsuited him. The trial court entered an order confirming the arbitration award against Jamison & Harris and Brantley Harris.

NLI filed a post-judgment garnishment styled as *National Loan Investors, L.P. v. Texas Commerce Bank (Jamison & Harris and Brantley Harris, Judgment Debtors)* (the "Garnishment"). The application for post-judgment writ of garnishment stated the following:

a. Jamison & Harris and Brantley Harris were the underlying judgment debtors.

b. Judgment for NLI was entered against Jamison & Harris and Brantley Harris in the lawsuit styled *National Loan Investors, L.P. v. Brantley Harris, G. Byron Jamison, and Jamison & Harris.*

c. To NLI's knowledge, neither Jamison & Harris nor Brantley Harris had property within Texas subject to execution and sufficient to satisfy the judgment.

d. Texas Commerce Bank was indebted to or had in its custody property belonging to Jamison & Harris and Brantley Harris.

The application also asked the trial court to "take judicial notice of the Judgment and the severance and nonsuit. . . ." Other than mentioning G. Byron Jamison's name in the style of the Judgment Suit, his name did not appear elsewhere in the application or in the affidavit supporting the application.

NLI forwarded the application to the Harris County District Clerk, along with a cover letter. The cover letter stated there were two judgment debtors, naming Jamison & Harris and Brantley Harris. G. Byron Jamison's name did not appear in the letter. The letter asked the clerk to forward the writ to the appropriate constable for service on Texas Commerce Bank. The clerk, however, improperly prepared the writ to name Byron Jamison, as well as Jamison & Harris and Brantley Harris. The writ did not name Theresa M. Jamison. When the writ was served on Texas Commerce Bank, the bank froze the Jamisons' accounts. Several checks written on the accounts were returned as insufficient funds.[1]

The Jamisons sued NLI, alleging wrongful garnishment. The Jamisons also alleged that, even if the wrongful garnishment was not intentional, it resulted from NLI's gross negligence. NLI filed an answer and asked for sanctions against the Jamisons. NLI moved for summary judgment on the Jamisons' claims against it, but not on its request for sanctions. The trial court entered a final judgment, granting NLI's motion for summary judgment, ordering that the Jamisons take nothing against NLI, and ordering that NLI take nothing on its claim for sanctions. This appeal by the Jamisons followed.

---

1. Although G. Byron Jamison was an original party to the lawsuit, his name was deleted from the body of the final judgment in the Judgment Suit. However, his name remained in the caption of the judgment.

## Discussion

In their sole issue, the Jamisons challenge the granting of NLI's motion for summary judgment. On appeal, the Jamisons argue that, although it was the district clerk who erred, their injury was caused by the *service* of the incorrect writ. The Jamisons contend the constable who served the writ on Texas Commerce Bank was acting as an agent for NLI; therefore, NLI trespassed or inflicted an injury on them through negligence. The Jamisons assert the trespass was NLI's interference with their relationship with their banker and their accounts. The Jamisons also argue on appeal that NLI was grossly negligent because NLI should have inspected the writ before it was served. The Jamisons contend NLI had a duty not to negligently obtain a wrongful judgment.

■ Garnishment is a statutory proceeding whereby the property, money, or credits of a debtor in the possession of another are applied to the payment of a debt. *See* Tex. Civ. Prac. & Rem.Code § 63.001; Tex.R. Civ. P. 657–79; *Bank One, Texas v. Sunbelt Sav.*, 824 S.W.2d 557, 558 (Tex.1992); *Rowley v. Lake Area Nat'l Bank*, 976 S.W.2d 715, 718 (Tex. App.—Houston [1st Dist.] 1998, pet. denied). Because the remedy of garnishment is purely statutory, we look to the Texas Rules of Civil Procedure and Chapter 63 of the Texas Civil Practice and Remedies Code relating to garnishments to determine the respective rights and responsibilities of the parties in a garnishment action.

■ Rule of Civil Procedure 658 provides that a plaintiff may file an application for writ of garnishment either at the beginning of the lawsuit or at any time during the lawsuit's progress. Tex.R. Civ. P. 658. The application must be supported by an affidavit and must meet all statutory requirements. *Id.* The prerequisites for the issuance of a writ of garnishment after judgment are set forth in the Civil Practice and Remedies Code, which provides that

such a writ is available if "a plaintiff has a valid, subsisting judgment and makes an affidavit stating that, within the plaintiff's knowledge, the defendant does not possess property in Texas subject to execution sufficient to satisfy the judgment." Tex. Civ. Prac. & Rem.Code § 63.001(3). A garnishment is wrongful if the factual allegations in the affidavit prescribed by Section 63.001 are false. *Chandler v. Cashway Bldg. Materials, Inc.*, 584 S.W.2d 950, 952 (Tex.Civ.App.—El Paso 1979, no writ).

■ Here, NLI alleged the two facts necessary to obtain a post-judgment writ of garnishment: (a) it had a valid, subsisting judgment against Jamison & Harris and Brantley Harris and, (b) within its knowledge, Jamison & Harris and Brantley Harris did not possess property in Texas subject to execution and sufficient to satisfy the judgment. The Jamisons do not dispute that the allegations in the application for writ of garnishment are true. Therefore, NLI met all requirements for issuance of the writ.

The Jamisons admit the district clerk made the mistake, but they contend NLI should still be held liable because the constable serving the writ was NLI's agent and NLI had a duty to examine the writ before it was served on the bank. The Jamisons provide us with no authority to support these contentions and our own research has found none.

■ An agent is one authorized by another to transact some business for the principal; the relationship is a consensual one between two parties by which one party acts on behalf of the other, subject to the other's control. *Bhalli v. Methodist Hosp.*, 896 S.W.2d 207, 210 (Tex.App.—Houston [1st Dist.] 1995, writ denied). The Rules of Civil Procedure provide that only a sheriff or constable may deliver the writ to the garnishee. *See* Tex.R. Civ. P. 663; *Lawyers Civil Process, Inc. v. State ex rel. Vines*, 690 S.W.2d 939, 942 (Tex. App.—Dallas 1985, no writ). When executing a writ, the sheriff or constable car-

ries out a duty prescribed by the Texas Constitution or the Legislature. *See* Tex. Loc. Gov't.Code §§ 85.021, 86.021, 86.024; Tex.R. Civ. P. 662–63; *Merritt v. Harris County,* 775 S.W.2d 17, 24 (Tex.App.— Houston [14th Dist.] 1989, writ denied) (holding that constables, in executing writs of restitution, possess only a limited range of discretion in executing a writ and their power to make and enforce policy in this area is constrained by the courts, the Constitution, and the Legislature). Therefore, a sheriff or constable executing a writ of garnishment is not an agent of either party because the sheriff or constable is not subject to the parties' control. *See Multi-Moto Corp. v. ITT Commercial Fin. Corp.,* 806 S.W.2d 560, 569 (Tex.App.—Dallas 1990, writ denied) (holding that parties do not control manner in which constable performs his obligations under a writ of sequestration). Therefore, the constable who served the writ on Texas Commerce Bank was not NLI's agent.

■ The Jamisons' contention that NLI acted negligently also has no merit. There is no statutory requirement that the writ be given to a plaintiff before it is executed by the sheriff or constable. Rule of Civil Procedure 662 states that the writ may be delivered to either the sheriff, constable, or the plaintiff. Tex.R. Civ. P. 662. The Jamisons would have this Court graft onto Rule 662 two duties: (1) the district court clerk must inform the plaintiff when a writ is ready to be served and (2) the plaintiff must review the writ before the clerk may deliver it to the sheriff or constable. We refuse to expand the

requirements of the Rules of Civil Procedure. *Cf. Standard Fire Ins. Co. v. La-Coke,* 585 S.W.2d 678, 681 (Tex.1979) (holding party should not be penalized for clerk's error or omission where plaintiff's petition was late-filed because of clerk's error). Because NLI did not have a duty to inspect the writ before it was executed, NLI was not negligent.[2]

We overrule issue one.

We affirm the trial court's judgment.

---

2. Although the Jamisons' lawsuit stated a cause of action for wrongful garnishment only, on appeal, they phrase their causes of action as trespass and gross negligence. The Jamisons argue that a wrongful garnishment is a form of trespass. A trespass to personalty is an unlawful injury to, or interference with, possession, with or without the exercise of physical force. *Mountain States Tel. & Tel. Co. v. Vowell Constr. Co.,* 161 Tex. 432, 341 S.W.2d 148, 150 (1960). Destruction of, or injury to, personal property, regardless of negligence, may be a trespass. *Id.* A trespass is usually regarded as an intentional tort in the sense that it involves an intent to commit an act that violates a property right, or would be practically certain to have that effect, although the actor may not know that the act he intends to commit is such a violation. *Malouf v. Dallas Athletic Country Club,* 837 S.W.2d 674, 676 (Tex.App.—Dallas 1992, writ dism'd w.o.j.). Because NLI committed no act, negligent or otherwise, toward the Jamisons' property and because we do not hold NLI liable for the district clerk's actions, NLI is not liable for trespass.