Opinion issued October 7, 2004
  









In The
Court of Appeals
For The
First District of Texas




NO. 01-02-00979-CV




SARAMMA THOTTUMKAL, Appellant

V.

LARRY P. MCDOUGAL, Appellee




On Appeal from the County Court at Law No. 3
Fort Bend County, Texas
Trial Court Cause No. 18483A




MEMORANDUM OPINION
          This is an appeal of a writ of garnishment executed against defendant/appellant,
Saramma Thottumkal, by plaintiff/appellee, Larry P. McDougal, after McDougal
obtained a judgment against Thottumkal for non-payment of attorney’s fees. In four
points of error, Thottumkal challenges the sufficiency of the evidence to show that
(1) she owed a debt to McDougal; (2) there was no property on which to execute the
judgment; (3) community property was subject to garnishment; and (4) the judgment
was final. McDougal contends that the crux of these challenges is an impermissible
collateral attack on the judgment underlying the writ of garnishment. We affirm.
Background
          In January 2000, McDougal sued to collect on a check he obtained from
Thottumkal for legal services he had provided to her son. The trial court rendered
summary judgment for McDougal and subsequently issued a writ of garnishment. 
Thottunmkal filed a bill of review in the trial court while appealing the writ to this
Court. In April 2003, we abated the appeal until the trial court had issued a ruling on
the bill of review. The trial court dismissed the bill of review, and the Fourteenth
Court of Appeals issued a memorandum opinion in that appeal on July 20, 2004.


 In
its opinion, the court held that, because Thottumkal did not exercise due diligence in
pursuing legal remedies to challenge the summary judgment that formed the basis of
her appeal, the trial court did not err in dismissing the bill of review.


 Thus, the
judgment of the trial court stands. In December 2003, we dismissed the appeal of the
writ of garnishment for want of prosecution, but reinstated the appeal in May 2004
on Thottumkal’s motion for rehearing.
Discussion
          Garnishment is a statutory remedy whereby the property or money of a debtor
is applied to the payment of a debt based on a final judgment. Jamison v. Nat’l Loan
Investors, L.P., 4 S.W.3d 465, 468 (Tex. App.—Houston [1st Dist.] 1999, pet.
denied). A writ of garnishment is available if a plaintiff has a valid, subsisting
judgment and provides an affidavit stating that, within his knowledge, the defendant
does not possess enough Texas property to satisfy the judgment. Tex. Civ. Prac. &
Rem. Code Ann. § 63.001 (Vernon 1997); Jamison, 4 S.W.3d at 468. A garnishment
is wrongful if the factual allegations made in the affidavit are false. Jamison, 4
S.W.3d at 468. 
          Challenge to Writ of Garnishment
          Thottumkal contends in her fourth point of error that, because the judgment
was not final, garnishment was not appropriate. Although it is true that a garnishment
judgment, as a mode of enforcing a judgment’s execution, must be supported by a
valid judgment in an underlying suit, see Enis v. Smith, 883 S.W.2d 662, 663 (Tex.
1994), the judgment here has already been determined to be valid by the Fourteenth
Court of Appeals. Therefore, this point is moot.
          In her second point of error, Thottumkal contends that the evidence was not
factually sufficient to show that she did not own property on which to execute the
judgment. In reviewing a factual-sufficiency point, we consider all the evidence
supporting and contradicting the finding. Plas-Tex, Inc. v. U.S. Steel Corp., 772
S.W.2d 442, 445 (Tex. 1989). We set aside the verdict only if the finding is so
contrary to the overwhelming weight of the evidence as to be clearly wrong and
unjust. Cain v. Bain, 709 S.W.2d 175, 176 (Tex. 1986). In a bench trial, the trial
court, as factfinder, is the sole judge of the credibility of the witnesses. Southwestern
Bell Media, Inc. v. Lyles, 825 S.W.2d 488, 493 (Tex. App.—Houston [1st Dist.] 1992,
writ denied). 
          At the hearing on the bill of review, McDougal asked the court to take notice
of the constable’s return of the writ of execution, which was inscribed “nulla bona,”
indicating that no property had been found. Thottumkal’s counsel did not object. 
Although Thottumkal’s counsel later argued to the trial court that the family owns
property, there was no testimony by any party to that effect below, nor were any
documents submitted as evidence to rebut the constable’s notation of “nulla bono.” 
The only evidence in the record pertaining to this issue supports the trial court’s
ruling. Accordingly, the evidence was factually sufficient.
          Challenge to Underlying Judgment
          Thottumkal also relies on the holding in Jamison—that a garnishment is
wrongful if the factual allegations made in the affidavit are false—to support her first
and third points of error. See Jamison, 4 S.W.3d at 468. However, her actual
argument addresses not the factual allegations in the affidavit supporting the
application for the writ of garnishment, but instead the affidavit McDougal attached
to his motion for summary judgment. She contends the judgment underlying the
garnishment was fraudulently obtained because McDougal falsely claimed
Thottumkal was indebted to him. Based on this assertion, she further argues that
community property could not be used to satisfy the debt. 
          These challenges comprise a collateral attack on the validity of the underlying
judgment, which has already been disposed of by the Fourteenth Court of Appeals. 
Therefore, in her first and third points of error, Thottumkal presents nothing for our
review. See Franklin Signal Corp. v. Chas. P. Davis Hardware, Inc., 624 S.W.2d
328, 329 (Tex. App.—Waco 1981, no writ) (holding that because underlying
judgment rendered by court with jurisdiction and judgment was valid on its face,
merits of collateral attack could not be considered).
Conclusion
          We overrule all points of error.
          We affirm the trial court’s judgment of garnishment.
 

                                                             Evelyn V. Keyes
                                                             Justice
 
Panel consists of Chief Justice Radack and Justices Keyes and Alcala.