

In The

Court of Appeals

Seventh District of Texas at Amarillo

_____

No. 07-12-00293-CV

_____

REGENBOGEN DE RYDY LTD., A TEXAS LIMITED PARTNERSHIP, AND
REGENBOGEN ENTERPRISES, LLC, APPELLANTS

V.

DAVID RUNKLE, APPELLEE

On Appeal from the 423rd District Court
Bastrop County, Texas
Trial Court No. 423-852, Honorable Christopher Duggan, Presiding

August 8, 2013

MEMORANDUM OPINION

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Appellants, Regenbogen De RyDy Ltd. and Regenbogen Enterprises, LLC,

(collectively "Regenbogen") appeal from a judgment in favor of Appellee, David Runkle,

in a breach of contract action sounding in *quantum meruit*. In support, Regenbogen

asserts (1) there is no evidence Runkle performed compensable work for Regenbogen

because Jimmy Sissom did not have apparent authority to act on Regenbogen's behalf

when he contracted with Runkle to renovate Sissom's building and (2) Runkle failed to offer any evidence of the reasonable cost of his work. Because we sustain the first issue, we pretermit the second issue, and reverse and render judgment that Runkle take nothing from Regenbogen.

**Background**

Regenbogen De RyDy, Ltd. is a Texas limited partnership, formed February 22, 2008. Regenbogen Enterprises, LLC is its general partner and Edit Louden is the president of Regenbogen Enterprises, LLC. It is undisputed that Regenbogen De RyDy Ltd. is the owner of the real property commonly known as 1002 College Street, Bastrop, Texas. Jimmy Sissom leased that property from Regenbogen based upon an oral lease.

On January 27, 2009, Runkle, a contractor, entered into a general agreement with Sissom to renovate a portable building located at 1002 College Street, for the general purpose of establishing a restaurant. Per the agreement, Runkle was to provide certain renovation services in exchange for six months of free rent. After the six-month period, Runkle was to continue leasing the property for a rental payment to be determined. The first $10,000 of renovation costs was to be provided by Sissom, with the remainder to be provided by Runkle. When the agreement was executed, Runkle believed Sissom owned both the building and the lot. Runkle immediately commenced work.

On June 16, 2009, the City of Bastrop issued a building permit for the renovation that named Regenbogen De RyDy, Ltd. as owner of the property. Based on that permit,

2

Runkle testified he began thinking he was providing work for Regenbogen, however, he did not speak with anyone at Regenbogen to inquire whether Sissom had authority to act on the partnership's behalf. Instead, he "just *assumed* [Sissom] was acting as a family member, and a representative of *whomever* owned the property." (Emphasis added). When Runkle observed a for-sale sign posted on the property in September, he ceased work.

Runkle filed suit against Regenbogen alleging that Sissom was acting as its agent. Sissom was never made a party to the suit. Runkle's active pleadings sought specific performance, *quantum meriut*, foreclosure of a mechanic's lien and orders for sale. At trial, Louden testified she was the only person with authority to act on Regenbogen's behalf. She indicated she bought the College Street property as an investment with the intention of helping her niece, Susan Sissom, and her husband, Jimmy establish an income. She agreed to let Sissom use the property to support his family and gave him free reign to generate income from the property. She testified she did not have the ability to direct Sissom with regard to the property—"[j]ust Jimmie (sic) working for Jimmie." There was no written agreement and she had no right to share in any income Sissom generated from the property.

Louden further testified Sissom was not authorized to represent Regenbogen, was not an employee and held no ownership interest in either the partnership or the property in question. She learned of the general agreement between Sissom and Runkle after the fact and knew only that Sissom had moved his building onto the property. She did not have any dealings with Runkle and believed he was working for Sissom. She was unaware of any construction permits until after Runkle's suit was filed

3

and testified Sissom was not authorized to sign any permits or make any applications on Regenbogen's behalf. "If he did, he did not have authority or asked her permission."

Following trial testimony, the jury was given the following instruction:

QUESTION NO. 1

Did Jimmy Sissom have apparent authority to act on behalf of Regenbogen?

A party's conduct includes the conduct of another who acts with apparent authority.

Apparent authority exists if a party (1) knowingly permits another to hold himself out as having authority, or (2) through lack of ordinary care, bestows on another such indications of authority that lead a reasonably prudent man to rely on the apparent existence of authority to his detriment.

Only the acts of Regenbogen may be considered in determining whether apparent authority exists. The actions or statements of Jimmy Sissom may not be considered in determining whether apparent authority exists.

Answer: Yes or No

The jury affirmatively answered Question No. 1. Finding that Runkle performed services for Regenbogen based on that apparent authority, the trial court awarded Runkle damages of $24,412, and attorney's fees of $ 27,000. This appeal followed.

**Legal Sufficiency -- Standard of Review**

In reviewing the legal sufficiency of the evidence, we must consider the evidence in the light most favorable to the fact-finder's decision and indulge every reasonable inference that would support it. *City of Keller v. Wilson*, 168 S.W.3d 802, 822 (Tex.

2005).  We must credit favorable evidence if reasonable jurors could, and disregard contrary evidence unless reasonable jurors could not.  *Id.* at 827.

When a party challenges the legal sufficiency of an adverse finding on an issue for which it did not have the burden of proof, it must demonstrate there is no evidence to support the adverse finding.  *Exxon Corp. v. Emerald Oil & Gas Co., L.P.,* 348 S.W.3d 194, 215 (Tex. 2011).  Such a no-evidence challenge will be sustained when (1) there is a complete absence of evidence of a vital fact, (2) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact, (3) the evidence offered to prove a vital fact is no more than a scintilla, or (4) the evidence conclusively establishes the opposite of the vital fact.  *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003) (quoting *Merrell Dow Pharms., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997)).  More than a scintilla of evidence exists when the evidence "rises to a level that would enable reasonable and fair-minded people to differ in their conclusions."  *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 601 (Tex. 2004) (quoting *Havner*, 953 S.W.2d at 711).  Evidence does not exceed a scintilla if it is so weak as to do no more than to create a mere surmise or suspicion that the fact exists.  *Id.*

**Apparent Agency**

"An agent is one authorized by another to transact some business for the principal; the relationship is a consensual one between two parties by which one party acts on behalf of the other, subject to the other's control."  *Jamison v. Nat'l Loan Investors, L.P.*, 4 S.W.3d 465, 468 (Tex.App.—Houston [1st Dist.] 1999, pet. denied).

Authorization to act and control of the action are two essential elements of agency. *Gonzales v. Am. Title Co.,* 104 S.W.3d 588, 593 (Tex.App.—Houston [1st Dist.] 2003, pet. denied). An agent's authority to act on behalf of a principal depends on words or conduct by the principal either to the agent (actual authority) or to a third-party (apparent authority). *Reliant Energy Services, Inc. v. Cotton Valley Compression, LLC,* 336 S.W.3d 764, 784 (Tex.App.—El Paso 2004, no pet.).

The law does not presume agency, and the party asserting agency has the burden to prove it. *IRA Res., Inc. v. Griego*, 221 S.W.3d 592, 597 (Tex. 2007). Apparent authority is the power of an agent to affect the legal relations of the principal by transactions with a third person. *Nears v. Holiday Hospitality Franchising, Inc.,* 295 S.W.3d 787, 793 (Tex.App.—Texarkana 2009, no pet.) (citing *Ames v. Great S. Bank*, 672 S.W.2d 447, 450 (Tex. 1984)). Apparent authority is based on estoppel, and only the conduct of the principal in leading a third party to believe that the agent has authority may be considered. *Gaines v. Kelly*, 235 S.W.3d 179, 182 (Tex. 2007). A declaration of authority by an alleged agent, without more, does not establish either the existence or the scope of the alleged authority; *id.* at 183-84, and a good faith belief on the part of a third-party that a person with whom it is dealing is the agent of another is not enough to bind the purported principal. *2616 S. Loop LLC v. Health Source Home Care, Inc.,* 201 S.W.3d 349, 356 (Tex.App.—Houston [14th Dist.] 2006, no pet.). Rather, the reviewing court looks to acts of participation, knowledge, or acquiescence by the principal in the acts of the agent. *Reliant Energy Services, Inc.,* 336 S.W.3d at 784.

Apparent authority arises either from (1) a principal knowingly permitting an agent to hold himself out as having authority, or (2) a principal's actions which lack such ordinary care as to clothe an agent with indicia of authority, thus leading a reasonably prudent person to believe that the agent has the authority he purports to exercise. *Gaines*, 235 S.W.3d at 182. The standard used is that of a "reasonably prudent person, using diligence and discretion to ascertain the agent's authority." *Id.* at 182-83 (citing *Chastain v. Cooper & Reed,* 152 Tex. 322, 257 S.W.2d 422, 427 (Tex. 1953)). In order for apparent authority to be established, it is essential that the principal have full knowledge of all material facts at the time of the conduct alleged to be the basis for the estoppel. *Gaines,* 235 S.W.3d at 182. Because apparent authority is an estoppel principle, a party seeking to recover under such legal theory must also show justifiable reliance on the principal's words or conduct resulting in harm to the party. *See Tex. S. Rentals, Inc. v. Gomez*, 267 S.W.3d 228, 246 (Tex.App.—Corpus Christi 2008, no pet.) (citing *Baptist Mem'l Hosp. v. Sampson*, 969 S.W.2d 945, 948 & n.2 (Tex. 1988)). Accordingly, in order to determine an agent's apparent authority, we examine the conduct of the principal and the reasonableness of the third party's assumptions regarding authority. *See Gaines*, 235 S.W.3d at 183.

**Analysis**

Runkle's evidence establishes Sissom's use and enjoyment of the property located at 1002 College Street, Bastrop, Texas, *on his own behalf* but not on behalf of Regenbogen. *See Crooks v. M1 Real Estate Partners,* 238 S.W.3d 474, 483-84 (Tex.App.—Dallas 2007, pet. denied). Neither does Runkle produce any evidence as to Louden's---or anyone else representing Regenbogen—conduct to *him* as to Sissom's

7

alleged authority to act *on Regenbogen's behalf. Id.* at 484. *See also Baptist Mem'l Hosp.,* 969 S.W.2d at 950. Instead, we have a written agreement between Runkle and Sissom with Runkle looking to Sissom for the initial financing and a grace period on a future lease with Sissom when the renovation is completed. At the time the agreement was entered into and work commenced, Runkle did not know Regenbogen was the property's record owner. That Runkle subsequently saw Regenbogen's name on a permit creates, at best, no more than a mere surmise or suspicion that Sissom may have been acting as Regenbogen's agent. Accordingly, Runkle cannot assert he relied upon any conduct by Regenbogen that would lead a reasonably prudent person to believe Sissom had authority to act on Regenbogen's behalf. This is particularly so when both Louden and Runkle testified neither one of them had any dealings with the other. *See Gibson v. Bostick Roofing and Sheet Metal,* 148 S.W.3d 482, 491 (Tex.App.—El Paso 2004, no pet.).

Alternatively, even if Runkle's belief that Sissom represented Regenbogen were reasonable, which is doubtful, that belief must be based on or generated by some conduct on the part of Louden and/or Regenbogen. Since the court may only consider Louden's or Regenbogen's conduct in determining whether Runkle could reasonably believe that Sissom had authority, there is no evidence of apparent authority. *See Crooks,* 238 S.W.3d at 483-84; *Gibson,* 148 S.W.3d at 491.

Accordingly, because the jury's finding that Sissom had apparent authority to act for Regenbogen was unsupported by the evidence, we sustain Regenbogen's first issue. This pretermits the remaining issues. TEX. R. APP. P. 47.1.

8

**Conclusion**

The trial court's judgment is reversed and a take-nothing judgment is rendered against Runkle.


Patrick A. Pirtle
Justice