Opinion issued March 17, 2016



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-15-00596-CV

————————————

**JOSEPH ELMER BACA, Appellant**

**V.**

**PEDRO SANCHEZ JR. INDIVIDUALLY AND D/B/A POINT 2 POINT TOWING, Appellee**

---

**On Appeal from the 295th District Court**
**Harris County, Texas**
**Trial Court Case No. 2014-48289**

---

## MEMORANDUM OPINION

In this appeal from a summary judgment, we determine whether evidence exists to support a claim for vicarious liability. Finding no error, we affirm.

## BACKGROUND

Joseph Baca was driving home after meeting a friend for breakfast when his car overheated. Baca called his mechanic, who provided him with the phone number for Pedro Sanchez's company, Point 2 Point Towing. Baca called Point 2 Point Towing and asked for a tow. Shortly afterward, a flatbed tow truck driver arrived to transport his car.

Baca rode in the passenger cab of the tow truck to his mechanic's shop. The tow truck driver parked at the shop and exited the truck. As Baca climbed out of the passenger side of the cab, the driver pulled a lever to tilt the truck bed back and unload Baca's car. This caused the truck to jerk. The movement jostled Baca as he exited, and he fell to the ground. Baca injured his shoulder and his hip in the fall.

Baca sued Pedro Sanchez and Point 2 Point Towing for negligence. In his original petition, Baca named Sanchez as the driver who towed his car. Baca later learned, however, that Sanchez was not the driver of the tow truck on the day he was injured. In his deposition, Baca admitted that he did not recognize Sanchez as the driver. Baca, however, produced a photograph of a flatbed tow truck that he claimed was the one that he fell from that he took while the truck sat in a tow yard six months after the accident.

In his deposition, Sanchez denied towing Baca's car and denied owning a flatbed tow truck. He explained that he referred jobs to other towing companies as a professional courtesy when he was too busy to respond to a request for a tow truck. Sanchez presented photos of a similar-looking flatbed truck to the one that Baca photographed six months after the accident; the name of a different towing company was written on the side.

Sanchez moved for a traditional and a no-evidence summary judgment on the basis that he was not the driver who committed the alleged negligence and that there was no evidence that Sanchez owed any duty to Baca. In response, Baca amended his petition, alleging that Sanchez was vicariously responsible for the driver's alleged negligence in operating the flatbed lift.

## DISCUSSION

On appeal, Baca contends that the trial court erred in granting summary judgment because some evidence supports his claim that Sanchez is vicariously liable for the tow truck driver's negligent acts.

### I. Standard of Review

We review de novo the trial court's ruling on a motion for summary judgment. *Samuel v. Fed. Home Loan Mortg. Corp.*, 434 S.W.3d 230, 233 (Tex. App.—Houston [1st Dist.] 2014, no pet.) (citing *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009)). When reviewing a

summary judgment, we credit all evidence favorable to the nonmovant and resolve any doubts in the nonmovant's favor. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005); *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003); *Sci. Spectrum v. Martinez*, 941 S.W.2d 910, 911 (Tex. 1997).

Traditional summary judgment is proper only if the movant establishes that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c). The motion must state the specific grounds relied upon for summary judgment. *Id.* A defendant moving for traditional summary judgment must conclusively negate at least one essential element of each of the plaintiff's causes of action or conclusively establish each element of an affirmative defense. *Sci. Spectrum, Inc.*, 941 S.W.2d at 911.

After adequate time for discovery, a party may move for a no-evidence summary judgment on the ground that no evidence exists to support one or more essential elements of a claim or defense on which the opposing party has the burden of proof. TEX. R. CIV. P. 166a(i). The trial court must grant the motion unless the nonmovant produces summary judgment evidence raising a genuine issue of material fact. *Id.* More than a scintilla of evidence exists if the evidence "would allow reasonable and fair-minded people to differ in their conclusions." *Forbes Inc. v. Granada Bioscis., Inc.*, 124 S.W.3d 167, 172 (Tex. 2003).

4

## II. Analysis

Baca contends that an agency relationship existed between Sanchez and the tow truck driver based on the driver's apparent authority to act for Sanchez. He points out that neither Sanchez nor the tow truck driver informed Baca that the driver did not work for Sanchez. Baca contends that this principal-agent relationship makes Sanchez vicariously liable for the driver's actions.

Under the doctrine of vicarious liability, an employer may be liable for the negligence of an agent or employee acting within the scope of the agency or employment. *Baptist Mem'l Hosp. Sys. v. Sampson*, 969 S.W.2d 945, 947 (Tex. 1998) (citing *DeWitt v. Harris Cty.*, 904 S.W.2d 650, 654 (Tex. 1995); RESTATEMENT (SECOND) OF AGENCY § 219 (1958)). The summary judgment record in this case, however, reveals no evidence that Sanchez employed the tow truck driver or that the driver was his agent in conducting tows.

Baca, however, urges that the record supports a finding of apparent authority. A principal may be responsible for the actions of a third party if the third party acted with apparent authority, even if the apparent agent lacks actual authority. *See Nears v. Holiday Hosp. Franchising, Inc.*, 295 S.W.3d 787, 793 (Tex. App.—Texarkana 2009, no pet.) (citing *Ames v. Great S. Bank*, 672 S.W.2d 447, 450 (Tex. 1984)). Apparent authority can be proven through a principal's actions, which "clothe an agent with the indicia of authority, thus leading a

reasonably prudent person to believe that the agent has the authority she purports to exercise." *Sampson*, 969 S.W.2d at 949 (quoting *Ames*, 672 S.W.2d at 450). In evaluating a claim of apparent authority, only the conduct of the principal is relevant. *Gaines v. Kelly*, 235 S.W.3d 179, 182 (Tex. 2007) (citing *NationsBank, N.A. v. Dilling*, 922 S.W.2d 950, 953 (Tex. 1996) (per curiam)). We thus examine whether apparent authority existed from the standpoint of a reasonably prudent person, focusing on the conduct of the principal and the reasonableness of the third party's assumptions about that authority. *See id.* at 182–83 (citing *Chastain v. Cooper & Reed*, 257 S.W.2d 422, 427 (Tex. 1953)).

Sanchez referred Baca's request to a different towing company under a mutual referral arrangement with several other towing companies. Under their arrangement, Sanchez received no payment for his referrals. Sanchez admitted that he called in requests to the other companies himself, rather than asking the customer to call one of them.

Baca points to the evidence that Sanchez failed to disclose that the driver he sent did not work for him. Baca contends that because Sanchez acted as a broker between Baca and the driver, the driver had apparent authority to act for Sanchez. No evidence in the record demonstrates, however, that Baca paid Sanchez or Point 2 Point for the tow, or that the tow truck driver remitted any payment to Sanchez. Without more, Sanchez's uncompensated referral to another company does not

6

support vicarious liability. *See Gaines*, 235 S.W.3d at 182–83; *Dilling*, 922 S.W.2d at 953; *Ames*, 672 S.W.2d at 450; *Chastain*, 257 S.W.2d at 427.

Baca asks that we take judicial notice of a government vehicle registration record presented for the first time in the court of appeals, which he alleges shows that Sanchez owns a flatbed truck. In connection with this record, he also proffers a photograph of a Point to Point flatbed truck, which he alleges matches a truck listed in the registration record. The record and the photograph were not filed in the trial court and are not part of the summary-judgment record. For that reason, we decline to consider them. *See* TEX. R. EVID. 201(b); *Harper v. Killion*, 348 S.W.2d 521, 523 (Tex. 1961); *Hendee v. Dewhurst*, 228 S.W.3d 354, 377 (Tex. App.—Austin 2007, pet. denied); *Cherqui v. Westheimer St. Festival Corp.*, 116 S.W.3d 337, 342 n.2 (Tex. App.—Houston [14th Dist.] 2003, no pet.) ("[W]e cannot consider documents attached as appendices to briefs and must consider a case based upon the record filed."); *Fields v. City of Tex. City*, 864 S.W.2d 66, 69 (Tex. App.—Houston [14th Dist.] 1993, writ denied).

**Conclusion**

We affirm the summary judgment of the trial court.

Jane Bland
Justice

Panel consists of Justices Bland, Brown, and Lloyd.